1  Stephen M. Doniger (SBN 179314)
   stephen@donigerlawfirm.com
2  Scott Alan Burroughs (SBN 235718)
   scott@donigerlawfirm.com
3  Trevor W. Barrett (SBN 287174)
   tbarrett@donigerlawfirm.com
4
   DONIGER / BURROUGHS
5  603 Rose Avenue
6  Venice, California 90291
   Telephone: (310) 590-1820
7  Attorneys for Plaintiff

8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11  UNICOLORS, INC., a California          No. 2:21-cv-00798-SVW-E
    Corporation,
12                                         ~~[PROPOSED]~~ STIPULATED
13  Plaintiff,                             PROTECTIVE ORDER

14  vs.                                    DISCOVERY MATTER

15
16  APPARELINE   INC.,   a   New   York
    corporation; ALTITUDE COLLECTION,
17  LLC, individually and d/b/a "ModCloth," a
    Delaware  limited  liability  company;  and
18  DOES 1 through 10,

19
20  Defendants.

21

22

23

24

25

26

27

28

**[PROPOSED] CONFIDENTIALITY AND PROTECTIVE ORDER**

Pursuant to Fed.R.Civ.P. 26(c), the parties to this lawsuit, through undersigned counsel, jointly submit this Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in this action:

**1. PURPOSES OF LIMITATIONS.**

Disclosure and discovery activity in this action are anticipated to involve the production of confidential, proprietary, or private information, including trade secrets and confidential financial information, for which special protection from disclosure to the public and from the use for any purpose other than the prosecution and defense of this litigation would be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosure or responses to discovery, and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge, as set forth in Section 12, below (FILING PROTECTED MATERIAL), that this Stipulated Protective Order does not entitle them to file Confidential Information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Good Cause Statement:

This Action is likely to involve confidential intellectual property and other valuable commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential intellectual property or commercial information (including information implicating privacy rights of third parties),

information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons, and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.  Nothing in this Order shall require any party to produce any specific documents or category of documents which a Party deems inappropriate for production.

**2. DEFINITIONS.**

2.1. <u>Action:</u> the above-captioned pending federal lawsuit.

2.2. <u>Party or Parties:</u> the above-named Parties to this litigation, all predecessors or successors thereof, all past or present divisions, business units, subsidiaries or affiliates, and any of their officers, directors, employees, and/or agents.

2.3. <u>Non-Party or Non-Parties:</u> any natural person, partnership, corporation, association, other legal entity, including, but not limited to, their past or present divisions, business units, subsidiaries or affiliates, and any of their officers, directors, employees, and/or agents, who are not named as a Party to this Action.

2.4. <u>Disclosure or Discovery Material:</u> all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.5. <u>Confidential Information:</u> the term "Confidential Information" shall refer to information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rules of Civil Procedure Rule 26(c), including, but not limited to the following: trade secrets; other confidential and proprietary technical, research, or development information; commercial, financial, marketing, planning, research, design, development, budgeting and/or accounting information; information about existing and potential customers or clients, marketing studies, performance, and projections; business strategies, decisions and/or negotiations; personnel compensation, evaluations and other employment information; personal information; confidential information about the musical compositions and/or sound recordings at issue in this action; confidential and proprietary information about affiliates, parents, subsidiaries and/or individuals/entities with whom the Parties to this action have or have had business relationships; and other information, including, but not limited to certain confidential contracts and/or agreements, the disclosure of which would be detrimental to that Party and/or the conduct of that Party's business or the business of that Party's customers or clients.

2.6. <u>Confidential Information – Attorneys' Eyes Only:</u> the term "Confidential Information – Attorneys' Eyes Only" shall refer to Confidential Information for which there is a reasonable and good faith basis to believe that such information, if disclosed to a Party, would be likely to cause actual and material harm to the designating party, including, but not limited to, disclosure of trade secrets, nonpublic research and development data (including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public) or other highly sensitive, non-public information. "Confidential Information – Attorneys' Eyes Only" is included within the meaning of "Confidential Information" as used in this Order, and all provisions of this Order that apply to "Confidential Information" also shall apply to "Confidential Information – Attorneys' Eyes Only", with such additional

protections that are expressly afforded to "Confidential Information – Attorneys' Eyes Only".

2.7. <u>Producing Party and Designating Party:</u> the Party (and its Counsel) that is supplying information to any other Party or any non-party that is supplying information to any Party.

2.8. <u>Receiving Party and Non-Designating Party:</u> the Party (and its Counsel) who is receiving information from any other Party or non-party.

2.9. <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this Action.

2.10. <u>Counsel:</u> the lawyers of record for each of the Parties in this Action.

2.11. <u>Professional Vendors:</u> persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstratives; organizing; storing; retrieving data in any form or medium), and their employees and subcontractors.

2.12. <u>Protected Material:</u> any Disclosure or Discovery Material that is designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Stipulated Protective Order, or any information that a Party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information).

///

///

**3. SCOPE.**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied, derived, or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

The protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4. DURATION.**

Even after final disposition of this Action, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL.**

5.1 Exercise of Restraint and Care in Designating Materials for Protection.

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies

under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), will expose the Designating Party to sanctions.

If it comes to a Party's or a Non-Party's attention that information or items that it designated for protection do not qualify for protection at all, then that Party or Non-Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations.</u> It shall be the duty of the Designating Party seeking protection of Protected Material to indicate to the other Party and its Counsel which materials are to be considered "Confidential Information" or "Confidential Information – Attorneys' Eyes Only". Upon the entry of this Stipulated Protective Order, all documents produced in this proceeding that the Producing Party reasonably believes contain "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY", respectively. In addition, all portions of pleadings, answers to interrogatories, answers to requests for admissions, responses to requests for production of documents, expert reports, declarations, and deposition testimony and deposition exhibits that rely upon or reference documents and/or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Stipulated Protective Order shall be subject to this Order as set forth below.

(a) Designation of Protected Material in conformity with this Stipulated Protective Order requires:

(i) For documents and things, at the time of their production. However, in the event a Producing Party elects to produce documents and things for inspection, no designation need be made prior to the inspection for "Confidential Information". For purposes of inspection, all documents shall be considered "CONFIDENTIAL" unless otherwise previously designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY". Upon a request for copying, the Producing Party shall designate such documents and things as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the provisions of this Protective Order;

(ii) For answers to interrogatories, answers to requests for admissions, responses to requests for production of documents, and expert reports, at the time they are provided to the other Parties;

(iii) For declarations and pleadings, at the time of their filing; and

(iv) For deposition testimony and/or deposition exhibits, at the time of the testimony or within thirty (30) days after the Designating Party receives the transcript of the deposition. Until such time period expires, the deposition testimony and/or deposition exhibits shall be treated as "Confidential Information" unless otherwise specified in writing or on the record of the deposition.

(b) The designation of "Confidential Information" and "Confidential Information – Attorneys' Eyes Only" shall be made in the following manner:

(i) For documents produced in response to a discovery request, by placing a legend of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page of such documents, or, if not practicable or if doing so might damage the document, image or other things, as otherwise agreed by the Parties and/or Non-Party;

(ii) For tangible objects, by placing a label or tag with a legend of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the object or the container for the object, or if not practicable, as otherwise agreed by the Parties and/or non-party;

(iii) For answers to interrogatories, answers to requests for admissions, responses to requests for production of documents, expert reports and declarations, by placing a legend of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the face of such responses, declarations or reports;

(iv) For pleadings, by placing a legend of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the face of such pleading; and

(v) For deposition testimony and/or exhibits, following designation pursuant to paragraph 5.2(a)(iv) above, all copies of deposition transcripts that contain information or material designated as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" shall include the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the cover thereof. All labels, legends and tags, as above stated, shall be in a place or manner that avoids any interference with the legibility of the material.

5.3 <u>Inadvertent Failures to Designate</u>. If corrected within a reasonable time, a Producing Party does not waive the right to designate material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by inadvertently failing to designate it as such before producing the same to the Receiving Party. After being notified of the inadvertent failure, the Receiving Party must take reasonable steps to retrieve the information if the party disclosed it before being notified, and to have any person who received the material sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4 <u>Right to Re-Designate.</u> A Designating Party retains the right subsequently to re-designate materials and to require such documents to be treated in accordance with such designations from that time forward by providing written notice to all other Parties.

5.5 <u>Copies</u>.  If a Receiving Party makes copies of Confidential Information, such copies shall become subject to the same protections as the Confidential Information from which those copies were made.

5.6 Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

6.1 <u>Timing of Challenges.</u> Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. Accordingly, any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer.</u> A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (as required by Local Civil Rule 37-1), with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3 <u>Judicial Intervention.</u> The burden of persuasion in any challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  Pending resolution of any challenges to the designation of documents or information, the material at issue shall continue to be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until ordered otherwise by the Court.

### 7. ACCESS TO AND USE OF PROTECTED MATERIAL.

7.1 <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Counsel of record in this Action, as well as employees of said Counsel (including, without limitation, any paralegal, clerical, or other assistant that such attorneys hire and assign to this matter) to whom it is reasonably necessary to disclose the information for this litigation, and all of whom are bound by the provisions of this Stipulated Protective Order;

(b) the current and former officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

1       (e) court reporters, their staffs, and Professional Vendors to whom disclosure

2  is reasonably necessary for this litigation and who have signed the "Acknowledgment

3  and Agreement to Be Bound" (Exhibit A);

4       (f) professional jury or trial consultants and mock jurors, to whom disclosure

5  is reasonably necessary for this Action and who have signed the "Acknowledgment and

6  Agreement to Be Bound" (Exhibit A);

7       (g) during their depositions, witnesses in the action to whom disclosure is

8  reasonably necessary. Pages of transcribed deposition testimony or exhibits to

9  depositions that reveal Protected Material must be separately bound by the court reporter

10  and may not be disclosed to anyone except as permitted under this Stipulated Protective

11  Order;

12       (h) the author or recipient of a document containing the information or a

13  custodian or other person who otherwise possessed or knew the information; and

14       (i) any mediator or settlement officer, and their supporting personnel,

15  mutually agreed upon by any of the Parties engaged in settlement discussions.

16       7.3 Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

17  Information or Items. Unless otherwise ordered by the court or permitted in writing by

18  the Designating Party, a Receiving Party may only disclose any information or item

19  designated CONFIDENTIAL – ATTORNEYS' EYES ONLY to:

20       (a) the Receiving Party's Counsel of record in this Action, as well as

21  employees of said Counsel (including, without limitation, any paralegal, clerical, or other

22  assistant that such attorneys hire and assign to this matter) to whom it is reasonably

23  necessary to disclose the information for this litigation, and all of whom are bound by the

24  provisions of this Stipulated Protective Order;

25       (b) Experts (as defined in this Order) of the Receiving Party to whom

26  disclosure is reasonably necessary for this litigation and who have signed the

27  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28       (c) the Court and its personnel;

(d) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) professional jury or trial consultants and mock jurors, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7.4 <u>Restriction on Disclosure to Direct Competitors</u>.   Notwithstanding the foregoing, Confidential Information shall not be disclosed to any current or former employees of, or current or former consultants, advisors, or agents of, a direct competitor of any party named in the Action.   If a Receiving Party is in doubt about whether a particular entity is a direct competitor of a Party named in this lawsuit, then before disclosing any Confidential Information to a current or former employee, consultant, advisor, or agent of that entity, the Receiving Party's counsel must confer with counsel for the Designating Party.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Party is served with a subpoena, order, interrogatory, or document or civil investigative demand ("Demand") that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL –

ATTORNEYS' EYES ONLY", by someone other than the Receiving Party, the Receiving Party must:

(a) promptly notify the Designating Party, in writing (by electronic mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order;

(b) promptly notify the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order, and deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. Including, but not limited to objecting to the production of such materials on the grounds of the existence of this Order.  At the request of the party or non-party who produced or designated the material as Confidential Information, the Receiving Party shall refuse to comply with the Demand unless (a) ordered to do so by a court with jurisdiction over the Receiving Party; or (b) released in writing by the party or non-party who designated the material as Confidential Information.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.**

9.1 The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2 This Order may also be used by Non-Parties producing documents in connection with this action. If a Non-Party party produces (or intends to produce) documents and does not designate (or does not intend to designate) those documents as Confidential Information, then any party to this action may seek to designate that Non-Party's documents or categories of documents as Confidential Information. In that case, it will be the burden of the party seeking protected status to move for a court order designating the materials as Confidential Information after the Parties confer.

9.2 In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party, if requested.

9.3 If the Non-Party fails to seek a protective order from this Court within 14 calendar days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery

request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

### 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

10.1 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached here as Exhibit A.

The production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

10.2 If the Receiving Party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the receiving party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the producing party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event

of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

## 12. FILING PROTECTED MATERIAL.

12.1 <u>Filings</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action (or any other action, such as an appeal) any Protected Material.

A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.

12.2 <u>Confidential Material in Hearings and Trial</u>. The provisions of this Order shall not affect, and this Order does not limit, the *admissibility* of Confidential Information (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action.  Prior to using Confidential Information or the information contained therein at any hearing that is open to the public, the party seeking to use the Confidential Information must give at least seven (7) days advance notice to the producing party of the intent to use the Confidential Information so that the producing party may seek an appropriate Court Order to protect the Confidential Information.

**13. FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final termination of this action, each Receiving Party must either return all Protected Material to the Producing Party, or destroy all such Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Materials remain subject to this Protective Order as set forth in Section 4, above (DURATION).

**14. MISCELLANEOUS.**

14.1 <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  However, this Protective Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court.

14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 Newly Added Parties.  In the event additional parties join or intervene in this action, the newly joined party(ies) shall not have access to Confidential Information until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be full bound by this Protective Order.

14.4 This Stipulated Protective Order shall survive the final conclusion of the Action, and the Court shall have jurisdiction to enforce this Stipulated Protective Order beyond the conclusion of this Action.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: August 24, 2021                    DONIGER/BURROUGHS

                                          By: /s/ Trevor W. Barrett
                                               Scott A. Burroughs
                                               Trevor W. Barrett
                                               *Attorneys for Plaintiff*
                                               UNICOLORS, INC.


                                          MILORD & ASSOCIATES, P.C.
DATED: August 24, 2021
                                          By: /s/ Milord A. Keshishian
                                          Milord A. Keshishian
                                          Stephanie V. Trice
                                          Attorneys for Defendants
                                          APPARELINE INC. and ALTITUDE
                                          COLLECTION, LLC


## **LOCAL CIVIL RULE 5-4.3.4(a)(2)(i) CERTIFICATION**

The filer of this document attests that all other signatories listed above on whose behalf this filing is submitted concur in the filing's conent and have authoried the filing.

1

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

2

3   Dated: ___8/24___, 2021                          /S/ CHARLES F. EICK

4                                                     Hon.. Charles F. Eick
                                                      United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Unicolors, Inc. v. Appareline Inc. et al., 2:21-cv-00798-SVW-E.* I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____